# IN GENERAL TERM, 1873.

THOMAS F. DAVIDSON *v.* JAMES A. WILDMAN, Auditor of State.

The act of March 10, 1873, increasing the salaries of Circuit Judges from $2,000 to $2,500, and repealing all laws in conflict therewith, which went into effect upon its passage, gave to said Judges the increased salary for the quarter ending March 31, 1873.

It is competent for the Legislature to fix the amount that should thereafter be paid for past services as well as for future services. The act of March 10, in repealing the old law, left no other law in force by which these salaries could be paid.

BLAIR, J.—The plaintiff is the Judge of the 21st Judicial Circuit of the State of Indiana, and as such judge, claims that he was on the first day of April last, entitled to be paid the full amount of the quarterly payment of the annual salary allowed him as such judge by the act of March 10, 1873. Prior to the act of March 10, the salary of Circuit Judges was two thousand dollars per annum, payable quarterly. On that day the salary was fixed at two thousand five hundred dollars, payable in like manner, and the 5th section of the act repealed " All acts, and parts of acts now in force, allowing any other or different compensation to such judges." On the first day of April following the passage of this act, the plaintiff's quarterly payment of salary became due, and payable. It is claimed by the defendant that the amount then to be paid plaintiff should be estimated on the basis of two thousand dollars per annum up to the 10th day of March, and that thereafter it should be estimated according to the last act at twenty-five hundred dollars per annum.

*Davidson v. Wildman.*

We regard the position of the defendant as untenable. An annual salary is a fixed sum to be paid by the year, or at such stated periods less than a year, as may be fixed by law; as in this case to be paid quarterly. The plaintiff had been rendering services from the first day of January to the first day of April, 1873, for which period he had received no compensation. Before the day of payment arrived, the Legislature fixed the amount to be paid on the first day of April at the rate of twenty-five hundred dollars per annum, or six hundred and twenty-five dollars for the quarter, and repealed all laws allowing "any other or different compensation." If the plaintiff had been paid in advance for his services, the question would have been different; but not having been paid, it was competent for the Legislature to fix the amount that should thereafter be paid, for past services as well as for future services, and as the old law was repealed before the time of payment arrived, there was no law in force governing the amount to be paid, except the act of March 10, 1873, and under the provisions of that act he was entitled to receive the full amount of the quarterly payment, viz: Six hundred and twenty-five dollars. We are further strengthened in this view, that the Legislature by the 44th section of the act making general appropriations, which was passed on the same day with the act fixing the salaries of Circuit Judges, appropriated the same amounts for each of the years 1873 and 1874, to be applied to the payment of the salaries of the Circuit Judges, "at two thousand five hundred dollars each." This section sets apart and appropriates to each of the Circuit Judges who serve for the entire year 1873, the sum of $2,500. Acts of 1873, page 9.

We are, therefore, clearly of the opinion, that the action of the Court at Special Term was right, and that the plaintiff was entitled to have his warrant drawn on the first day of April for the sum of six hundred and twenty-five dollars.

Judgment affirmed.